**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARY J. OBEE, ) | |
|            ) | |
|     Plaintiff, ) | |
|            ) | |
| vs.       ) | |
|            ) | Case No.   CIV-06-874 M |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
|            ) | |
|     Defendant. ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed her application for DIB on January 17, 2004 alleging a disability since November 20, 2003 (TR. 77-80). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 32, 33).  Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on July 6, 2005 (TR. 340-354). A supplemental hearing was held on November 16, 2005 (TR. 355-382) The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 358-375). A vocational expert (VE) testified at the request of the ALJ (TR. 376-378, 381-382). The ALJ issued her decision on March 8, 2006 finding that Plaintiff was not entitled to DIB (TR. 19-26). The Appeals Council denied the Plaintiff's

request for review on June 23, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 5-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that "further development of the claimant's work history was not necessary for a decision in this matter" (TR. 25). At step two, the ALJ concluded that Plaintiff's had a "severe impairment or a severe combination of impairments" (TR. 25). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meets or equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 25). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 25). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 25-26).

On appeal to this Court, Plaintiff alleges that the ALJ improperly overlooked the opinion of her treating physician, Dr. Kem.

MEDICAL EVIDENCE FROM THE RELEVANT PERIOD

In January 2004, Plaintiff's treating physician, David C. Kem, M.D. (endocrinology), provided a "Physician's statement and information regarding her request for early retirement" in which he concluded that "there were adequate medical grounds for her to consider medical retirement" (TR. 245). Dr. Kem described Plaintiff's health problems as falling within at least three categories. First, he found Plaintiff's "most dominating" health problem to be a consistent history of symptomatic postural hypotension that was persistent and exacerbated by events such as defecation and stress (TR. 245). Dr. Kem found that medication had successfully "blunted the more severe events" and in combination with support hose and a moderate salt intake allowed her more freedom of movement (TR. 245). Second, Dr. Kem found that Plaintiff had "persistent GI- related disorders that led to copious stools, defecation and precipitation of autonomic and CNS activity that was disabling" (TR. 245). Dr. Kem noted that Plaintiff's strict dietary compliance had caused this condition to "come under control" (TR. 245). Third, Dr. Kem found that Plaintiff had developed marked and uncomfortable pedal and lower upper arm edema for which attempts at using support hose had only been minimally successful due to hot Oklahoma weather (TR. 245). Dr. Kem stated that "the only consistent means for treatment, or prevention was to require" Plaintiff to "elevate her legs above her hips for two hours each morning, afternoon and evening to provide a period to reverse these abnormal starling pressure gradients" (TR. 245).

In April 2004, Plaintiff underwent a consultative examination performed by Raymond J. Dougherty, M.D. (internal medicine), who found that Plaintiff's gait was "slow and antalgic" and appeared to be unstable and unsafe; and that she probably needed an assistive device for walking (TR. 211). Dr. Dougherty further found that her strength in all major muscle groups was normal; and that there was limitation of motion of the back, both hip joints, both shoulder joints and the

right knee joint (TR. 212). He found that Plaintiff's heel walking was weak but that she could walk on her toes (TR. 212).

In July 2004, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 10 pounds, frequently lift and/or carry 5-10 pounds, climb and balance only occasionally; stand and/or walk for at least two hours in an eight hour workday; and sit (with normal breaks) for about six hours in an eight hour workday (TR. 282-283). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations other than the need to avoid all exposure to hazardous machinery and heights (TR. 282-286).

In September 2004, Plaintiff was examined by Thomas L. Whitsett, M.D., who found that her legs had no significant abnormalities other than "1+ pretibial ankle edema; that her ankle pulses were full; and that there was no evidence of significant deep venous obstruction or valvular insufficiency (TR. 296). Dr. Whitsett recommended "an appropriately fitted waist-high compression garment" and a change in medication (TR. 296).

Plaintiff argues that the ALJ erred by overlooking the opinion of Plaintiff's treating physician, Dr. Kem, that "there were adequate medical grounds for her to consider medical retirement" (TR. 245). In her brief Plaintiff repeatedly mischaracterizes the opinion of Dr. Kem as stating that "Ms. Obee should retire from work" (See Plaintiff's Brief at pages 1, 3, 6). The record does not indicate that Dr. Kem ever made such a recommendation.

In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon

4

> which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6). If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

In her decision the ALJ provided a detailed and thorough review of the medical evidence (TR. 21-22). As to Dr. Kem, the ALJ appears to have considered the entirety of the medical evidence and found

> On December 7, 2005, David C. Kem, M.D., wrote a letter of support of the claimant. Although Dr. Kem reported medical problems he did not consider reversible, his report did not reflect the objective findings and medically determinable facts necessary to establish disabling impairments lasting, or expected to last, for twelve months or longer, particularly in light of other medical information of record. Dr. Kem was frequently the referring physician when the claimant was evaluated by other specialists, specialists who did not report symptoms and limitations that would preclude work activity. For example, Russell L. Adams, Ph.D., Professor and Diplomate in Clinical Psychology and Clinical Neuropsychology at the Department of Psychiatry and Behavioral Sciences at the University of Oklahoma Health Sciences (to whom the claimant was referred by Dr. Kem) reported findings in support of ability to work. After taking an extensive medical history and completing a multitude of assessment procedures, Dr. Adams noted the possibility of a neurological disorder. However, he cautioned that an individual with the claimant's profile was likely to report frequent problems with fatigue, malaise, and physical functioning. Dr. Adams concluded that although the claimant might have subtle changes in language functioning, her memory and general intellectual ability were not consistent with clinically significant cognitive decline as of the time evaluation in May 2005; that although performance on motor testing was poor, it was difficult to establish due, in part, to variability in effort; that the claimant was capable of making complex decisions of a medical, financial, or legal nature; that the claimant was capable of driving an automobile from a cognitive standpoint; and that the claimant had a tendency to report somatic complaints.

(TR. 22). Thus, it appears that the ALJ appropriately considered the medical opinions of Dr. Kem; and further that the ALJ correctly observed in assessing the opinions of Dr. Kem, that the issue of total inability to work is reserved solely for the Commissioner. 20 CFR 404.1527(e); *Richardson v. Perales*. 402 U.S. 389, 399 (1971).

5

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 2nd day of July, 2007.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE